## PALMER WEBB v. THE STATE.

No. 10227.   Delivered June 2, 1926.

**Child Desertion—Charge of Court—Practice in Misdemeanor Cases.**

Where, on the trial of a misdemeanor case, no exceptions were filed to the charge of the court, in the absence of which and of a statement of facts, we cannot review appellant's bill of exception complaining of the refusal of the court to give his requested special charge.   In a misdemeanor case it is necessary both to object to the court's charge and supplement the same by special charges intended to cover any omission in the main charge.

Appeal from the County Court of Polk County.   Tried below before the Hon. E. T. Murphy, Judge.

Appeal from a conviction for child desertion, penalty thirty days in the county jail.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for child desertion, punishment being assessed at thirty days' confinement in the county jail.

No statement of facts accompanies the record, and there are no bills of exception save one complaining of the refusal of a special charge. No exceptions were filed to the charge given and this being a misdemeanor case it is necessary both to object to the court's charge and supplement the same by special charges intended to cover any omission in the main charge.

For that reason and the additional one that in the absence of the facts proven this court is not able to appraise the applicability of the charge requested, no error is shown and the judgment is affirmed:

*Affirmed.*